IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SCOTT MARKEL,** | : | CIVIL NO. 1:CV-12-1027 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **DIRECTOR OF PENNSYLVANIA** | : | |
| **BOARD OF PROBATION AND** | : | |
| **PAROLE, et al.,** | : | |
| Defendants | | |

**MEMORANDUM**

Michael Scott Markel ("Markel"), an inmate confined at the State Correctional Institution at Dallas ("SCI-Dallas"), Pennsylvania, files this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that he is being illegally detained because the Pennsylvania Board of Probation and Parole ("PBPP") established a parole violation maximum date of July 26, 2015, after he was recommitted as a convicted parole violator. Named as Defendants are Michael Potteiger, PBPP Director, and Kimberly A. Barkley, Acting PBPP Secretary. Presently pending is Defendants' motion to dismiss the complaint (Doc. No. 13) and Markel's motion for leave to file an amended complaint (Doc. No. 16). For the reasons that follow, the motion to amend will be denied and the motion to dismiss will be granted.

**I.     Allegations in the Complaint**

Markel pled guilty in February of 1998 to charges of Homicide by Vehicle while Driving Under the Influence in the York County Court of Common Pleas and received a prison term. His maximum date was July 25, 2009. (Doc. No. 1, Compl., Ex. B, Sentence Status Summary.) He alleges that on January 20, 2012, he was notified by Defendants that he had a new maximum sentence to serve as a result of his violation of parole. (Doc. No. 1, Compl., Ex. A, Notice of

Board Decision.) While on parole, Markel was arrested for driving under the influence and possession of drugs. He was convicted on the new charges, and also found to be a technical parole violator. His new maximum date was extended to July 26, 2015. (Id.) He claims that due to the newly imposed maximum release date, he is being held beyond his judicially imposed maximum sentence date of July 25, 2009.

Based upon the foregoing, he alleges that Defendants have violated his right to due process and are deliberately indifferent by extending his judicially imposed sentence. He claims that the PBPP is without authority to sentence him beyond the maximum of his originally imposed term of incarceration. He seeks a declaratory judgment that Defendants have violated his rights, as well as compensatory and punitive damages.

## II.     Motion to Dismiss

### A.     Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. at 556. "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

**B.     Analysis**

Defendants seek the dismissal of the complaint because in order for Markel to recover damages for alleged unconstitutional conviction or confinement, he must first show that his parole violation maximum sentence date has been expunged by executive order, invalidated by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Without prior invalidation of Markel's new maximum sentence date, his pending § 1983 action is barred regardless of whether monetary or equitable relief is sought, and regardless of what proceedings are being attacked, if success in his § 1983 would necessarily demonstrate the invalidity of the confinement or the length thereof. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The Third Circuit Court of Appeals has applied the rule in Heck to claims of unlawful detention based on parole board decisions. See Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006).

Markel alleges that he is being illegally confined because the PBPP failed to calculate his

parole violation maximum date after he was recommitted to prison following his violation of parole.  However, he fails to allege or demonstrate that the Parole Board's decision has been invalidated, expunged or called into question as is required before he can maintain this § 1983 action.  In fact, since the filing of the instant action, Markel has filed a petition for writ of habeas corpus in this District which is currently pending wherein he challenges his parole violation maximum date.  See Markel v. Pennsylvania Board of Probation and Parole, No. 1:12-CV-1691 (M.D. Pa.).  For these reasons, any civil rights action at this point is subject to dismissal for failure to state a claim.  See Torrence v. Thompson, 435 F. App'x 56 (3d Cir. 2011).

**III.    Motion to Amend**

After opposing Defendants' motion to dismiss, Plaintiff filed a motion seeking leave to file an amended complaint in this action and a proposed amended complaint.[1] (Doc. Nos. 16, 17.) The proposed amended complaint is seventy-six (76) pages in length and seeks to add twelve (12) new defendants, including the Governor of the Commonwealth of Pennsylvania, the Chief Justice of the Pennsylvania Supreme Court, the President Judge of the Commonwealth Court of Pennnsylvania, and various Pennsylvania Department of Corrections and PBPP officials.  The claims raised therein center around his contention that his constitutional rights have been violated due to the new maximum sentence date imposed following his violation of parole.  He also now sets forth contentions that he was not properly classified for parole consideration and that Pennsylvania's parole statute is unconstitutional.

Leave to amend rests in the discretion of the court and may, when justice so requires, be

---

[1] Leave to amend is clearly required in this case pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) in that Defendants' motion to dismiss was filed on March 13, 2013, and Plaintiff did not file his motion to amend the complaint until June 12, 2013.

denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

In the instant case, leave to amend will not be granted for the following reasons. Markel seeks to proceed on a proposed amended complaint that adds new claims against new Defendants. In doing so, he offers no explanation as to why the claims could not have been raised in his original complaint. It appears that the claims are clearly based upon facts known to Markel prior to the time this action was initiated. Moreover, some of the claims are completely unrelated to the issue in the original complaint, such as Markel's claim that he was not properly classified for parole consideration.

More importantly, Markel attempts to include additional allegations with respect to his challenge to the calculation of his parole violator maximum date. However, any amendment to this claim is futile for the reasons stated above in the discussion on Defendants' motion to dismiss. Until Plaintiff successfully challenges the calculation of his new maximum sentence date, any civil rights action pursuant to § 1983 based upon allegations of improper calculation are barred by Heck. Accordingly, any request for leave to amend the original complaint to further bolster such allegations is futile in that it does not cure the deficiencies in the original complaint . For these reasons, Markel's motion for leave to file an amended complaint will be denied. An appropriate order follows.